# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.   21-mj-02305-Louis

UNITED STATES OF AMERICA

vs.

BRAINI DAVINSON FELIZ
and
GERNALDO ALFONSO FELIZ,

    Defendants.

_____/

## CRIMINAL COVER SHEET

1.  Did this matter originate from a matter pending in the Central Region of the United States
    Attorney's Office prior to August 9, 2013?    ___ Yes    _X_ No

2.  Did this matter originate from a matter pending in the Northern Region of the United States
    Attorney's Office prior to August 8, 2014?    ___ Yes    _X_ No

3.  Did this matter originate from a matter pending in the Central Region of the United States
    Attorney's Office prior to October 3, 2019?    ___ Yes    _X_ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:  _____
RICHARD E. GETCHELL
ASSISTANT UNITED STATES ATTORNEY
FLA. BAR NO. 817643
99 N.E. 4th Street
Miami, Florida 33132
(305) 961-9281 (office)
(786) 564-9126 (cell)
(305) 536-7213 (fax)
Email: richard.getchell@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) |
| BRAINI DAVINSON FELIZ and | ) Case No.  21-mj-02304-Louis |
| GERNALDO ALFONSO FELIZ, | ) |
| | ) |
| | ) |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about ___February 7, 2021___, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, that is, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b). |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
Complainant's signature

DEA TFO Marcelino Mariabello
Printed name and title

Attested to by the Affiant in accordance with the
requirements of Fed.R.Crim.P. 4.1 by FaceTime

Date:  ___Feb. 16 2021___

_____
Judge's signature

City and state:  Miami, Florida

Lauren F. Louis, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Marcelino Mariabello, being duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am employed as a detective with the City of Sunny Isles Beach Police Department and have served in this capacity since February 2008.   I am currently a Task Force Officer with the Drug Enforcement Administration ("DEA") and have served in this capacity since August 2017.   As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21 and 46 of the United States Code.   I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Task Force Officer with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics-trafficking organizations operate.   I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2.      The facts set forth in this Affidavit are based on my personal knowledge as well as documents provided to me in my official capacity, information obtained from other individuals, including officers and witnesses, my review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.   The information contained in this Affidavit is true and correct to the best of my knowledge and belief.   Because this Affidavit is solely for the purpose of establishing probable cause, it does not contain all of the information known about this investigation.

3.     This Affidavit is submitted for the limited purpose of establishing probable cause that **BRAINI DAVINSON FELIZ ("DAVINSON FELIZ"), and GERNALDO ALFONSO FELIZ ("ALFONSO FELIZ')**, did knowingly and intentionally conspire to possess with intent to distribute a controlled substance, that is, cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

## PROBABLE CAUSE

4.     On February 7, 2021, while on patrol in the area of the Atlantic Ocean, United States Coast Guard Cutter (USCGC) THETIS located a "go-fast" style vessel (GFV) on a northern course approximately 110 nautical miles south of Santo Domingo, Dominican Republic, in international waters and upon the high seas.   Once identified, Coast Guard Cutter (CGC) CONFIDENCE was nearby and diverted to intercept the GFV.

5.     While in route to the area the *CGC CONFIDENCE*, launched its helicopter ("HITRON"), and upon its arrival on scene, members reported persons on board jettisoning packages from the GFV as it fled in a northbound direction. Members onboard the *HITRON* successfully utilized a dye pack marking system to identify the area where the bales were jettisoned into the open waters.   The GFV had no indicia of nationality.   Suspecting the GFV of smuggling drugs, authorization was given to deploy airborne use of force.   The *HITRON* employed warning shots, which were not effective in preventing the GFV from fleeing.   The aircraft then employed disabling fire, which was effective, and the GFV became stationary in the water.

6.     While awaiting the arrival of the *CGC THETIS*, the *HITRON* provided overflight surveillance of the disabled GFV.

2

7.      Law enforcement from the *CGC THETIS* arrived and completed a right of visit boarding of the GFV.   There were two individuals on board, who were later identified as **DAVINSON FELIZ,** a Dominican national and **ALFONSO FELIZ**, a Dominican national. When asked, **DAVINSON FELIZ** identified himself as the master of the vessel.   **DAVINSON FELIZ** claimed the Dominican Republic as the nationality of the vessel.   Based on these statements, the United States contacted the government of the Dominican Republic, who advised that it could neither confirm nor deny registration of the GFV.   Due to the Dominican Republic's response, the GFV was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States.

8.      A full law enforcement boarding was conducted, and a search of the GFV for narcotics yielded negative results.   An IONSCAN, which is a system used for the detection and identification of trace amounts of narcotics, was also done on the GFV and yielded positive results. IONSCANS OF **DAVINSON FELIZ** and **ALFONSO FELIZ** also tested positive for cocaine.

9.      *CGC CONFIDENCE* relaunched their helicopter to search the area and attempt to relocate the bale field. Efforts in locating the jettisoned bales were successful. USCG members ultimately located and recovered three bales and nine bricks of suspected cocaine. The recovered bales matched the description of the packages initially sighted by the USCG, totaling an at-sea weight of 72 kilograms.

10.      **DAVINSON FELIZ** and **ALFONSO FELIZ** were detained and transferred to a United States Coast Guard Cutter ("USCGC") CHARLES DAVID JR.   The USCGC CHARLES DAVID JR are scheduled to arrive with **DAVINSON FELIZ** and **ALFONSO FELIZ** on February 16 2021, in the Southern District of Florida, where they will first enter the United States.

3

## CONCLUSION

11.     Based upon the information provided above, I respectfully submit that probable cause exists to believe that **DAVINSON FELIZ** and **ALFONSO FELIZ** did knowingly and intentionally conspire to possess with intent to distribute a controlled substance, that is, cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

_____
MARCELINO MARIABELLO
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the Affiant in accordance with the
requirements of Fed.R.Crim.P. 4.1 by FaceTime
this ___16___ day of February, 2021.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

4